## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

KATHLEEN RIZZO,

      Plaintiff,

v.                                                                     Case No: 2:20-cv-390-SPC-MRM

GLADES GOLF & COUNTRY
CLUB, INC. and COASTAL
PAINTING OF SOUTH
FLORIDA, LLC,

      Defendants.

_____/

## OPINION AND ORDER[1]

Defendant Glades Golf & Country Club, Inc., moves to dismiss Coastal Painting of South Florida, LLC's Crossclaim. (Doc. 92). Coastal Painting responded. (Doc. 96). The Court grants the Motion with leave to amend.

This is a negligence action stemming from water damage to Kathleen Rizzo's condo. Rizzo lives in New York but owns a condo in Naples, Florida. While she was away, Glades hired Coastal Painting to paint doors in the condominium complex, including inside Rizzo's condo. Someone left the kitchen faucet running, her condo flooded, and mold appeared.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

In the initial complaint, Glades (the condominium association) was the sole defendant. (Doc. 3). Since then, Rizzo amended to sue Coastal Painting and a construction company (who Rizzo settled with). In Coastal Painting's Amended Answer (Doc. 83), it pled a one-count crossclaim against Glades for negligence, which Glades now moves to dismiss for failure to state a claim.

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must accept all well-pled allegations as true and view them most favorably to plaintiff. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).

The elements of a negligence claim are "(1) a legal duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) injury to plaintiff legally caused by defendant's breach, and (4) damages as a result of that injury." *Estate of Rotell ex rel. Rotell v. Kuehnle*, 38 So.3d 783, 788 (Fla. Dist. Ct. App. 2010). Here, the duty of care and damages elements are at issue.

## A. Duty

A duty "is a minimum threshold legal requirement that opens the courthouse doors ... and is ultimately a question of law for the court." *Williams*

*v. Davis*, 974 So. 2d 1052, 1056 n.2 (Fla. 2007). Legal duties may arise from (1) statute or regulation; (2) judicial interpretation of statute or regulation; (3) case law; or (4) "the general facts of the case." *Wallace v. Dean*, 3 So. 3d 1035, 1047 (Fla. 2009).

Glades argues that the crossclaim identifies no duty that Glades owed to Coastal Painting. In response, Coastal Painting contends that it has "properly pled various duties owed by Glades that would have also been owed to Coastal Painting, as a hired contractor working for Glades as the Association responsible for management of all of the subject properties (including Plaintiff's property)." (Doc. 96 at 3). The duties alleged in the crossclaim stem from Glades' duty under the condominium regulations "to care for and/or repair certain damages to the subject unit." (Doc. 83 at ¶ 17). Coastal Painting alleges that Glades breached its duty of care in various ways: failure to properly monitor and/or keep an accurate record of who was accessing units; allowing contractors and employees access to unit keys without making sure they were returned; failure to keep an accurate record of who was entering units; failure to monitor repairs to units; failure to make adequate and necessary repairs to units; failure to keep accurate records of repairs; failure to ensure compliance with regulations by unit owners, employees, and agents; and failure to properly manage, maintain, or have certain procedures in place to appropriately monitor units. (Doc. 83 at 17-18).

Officers and directors of a condominium association owe a fiduciary duty to their unit owners. Fla. Stat. § 718.111(a). All the duties that Coastal Painting identifies in its crossclaim are duties owed by Glades as a condo association to Rizzo as a condo owner, not owed to Coastal Painting. Indeed, Coastal Painting cites no authority to support that Glades' duty of care owed to Rizzo somehow transfers to Coastal Painting to support a negligence claim. The two cases that Coastal Painting relies on (Doc. 96 at 4) were not negligence actions and did not involve the issue the Court faces here. One is a Florida circuit court case involving a crossclaim for indemnification under maritime law. *See Cowart v. Gulf Atl. Transp. Corp.*, No. 88-7553-CA, Civ. CVO, 1993 WL 13964722, at *2 (Fla. Cir. Ct. Oct. 4, 1991). And the other involved crossclaims for indemnity and contribution. *See Lochrane Eng'g, Inc. v. Wilingham Realgrowth Inv. Fund, Ltd.*, 552 So. 2d 228, 231-33 (Fla. Dist. Ct. App. 1989).

At bottom, even if the condominium regulations provide for some legal duties, Coastal Painting has not explained how the regulations reveal state-law duties Glades might owe to contractors it hires. And although Glades and Coastal Painting contracted for the painting job, Coastal Painting is not alleging that Glades violated any obligation under the parties' contract.

**B. Damages**

Coastal Painting says it "suffered damages as a result of the breaches and negligence of the Glades in an amount to be proven at trial." (Doc. 83 at 18). Glades argues that Coastal Painting identifies no personal injury or property damage that Coastal Painting suffered to support a negligence claim; rather, the only damage suffered is by Rizzo. Thus, in essence, Coastal Painting is using a negligence theory to recover its defense costs.

"Compensatory damages are intended to redress or compensate for a concrete loss." *R.J. Reynolds Tobacco Co. v. Grossman*, 211 So. 3d 221, 227 (Fla. Dist. Ct. App. 2017) (quoted authority omitted). Here, Coastal Painting does not plausibly allege that it suffered any concrete loss because of Glades' negligence. The Court agrees that, as alleged, the crossclaim describes harm suffered by Rizzo because of Glades' negligence, not suffered by Coastal Painting.

**C. Conclusion**

Generally, a party should be given at least one opportunity to amend before the district court dismisses a complaint with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Thus, the crossclaim will be dismissed without prejudice to filing an amended complaint.

Accordingly, it is now

**ORDERED:**

Glades Gold & Country Club, Inc.'s Renewed Motion to Dismiss Crossclaim (Doc. 92) is **GRANTED**. Coastal Painting's crossclaim (Doc. 83) is **DISMISSED without prejudice** to filing an amended crossclaim by **October 29, 2021. Failure to file a timely amended crossclaim will result in the dismissal of the crossclaim with prejudice without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 15, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record