# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

KATHLEEN RIZZO,

      Plaintiff,

v.                                         Case No: 2:20-cv-390-SPC-MRM

GLADES GOLF & COUNTRY
CLUB, INC. and COASTAL
PAINTING OF SOUTH
FLORIDA, LLC,

      Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Glades Golf and Country Club, Inc.'s Motion to Dismiss Amended Crossclaims (Doc. 99) and Coastal Painting of South Florida, LLC's Response in Opposition (Doc. 104). Coastal Painting brings two crossclaims against Glades for breach of contract and common law indemnity. (Doc. 98). The Motion is granted as to the breach of contract claim and denied as to the common law indemnity claim.

This is a negligence action stemming from water damage to Kathleen Rizzo's condo. Rizzo lives in New York but owns a condo in Naples, Florida.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

While she was away, Glades (the condominium association) hired Coastal Painting to paint doors in the condominium complex, including inside Rizzo's condo. Someone (who, we don't yet know) left the kitchen faucet running, her condo flooded, and mold appeared. Rizzo sues for property damage because of Defendants' negligence.

In the initial complaint, Rizzo named Glades as the responsible party. (Doc. 3). Rizzo amended to add two defendants—Coastal Painting and a construction company (who Rizzo settled with). (Doc. 34). In Coastal Painting's Amended Answer (Doc. 83), it pled a one-count crossclaim against Glades for negligence, which the Court dismissed for failure to state a claim with leave to amend. (Doc. 97). Coastal Painting filed amended crossclaims against Glades. (Doc. 98). Negligence is out. Breach of the contract for the paint job and common law indemnity are in.

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must accept all well-pled allegations as true and view them most favorably to plaintiff. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).

## A. Breach of contract

The elements for breach of contract are (1) a valid contract, (2) a material breach, and (3) damages. *J.J. Gumberg Co. v. Janis Servs.*, 847 So. 2d 1048, 1049 (Fla. Dist. Ct. App. 2003). Glades challenges the second element, arguing that Coastal Painting has not identified a breach of the contract with Glades; rather, the bulk of Coastal Painting's allegations concern duties Glades owes to Rizzo as a condo owner, not any duties Glades owes to Coastal Painting arising from the contract for the paint job. Coastal Painting responds that it has stated plausible claims and Glades' arguments are more appropriately raised at summary judgment.

The amended crossclaims attach the contract (Doc. 98-4). To frame the analysis, here are the alleged breaches set forth in the amended crossclaims:

> 15. Glades and its Owners, by contract, had a duty to hold Coastal Painting (and any of its workers) harmless for any and all claims, injuries or damages for a mirade of potential situations (by contract), including but not limited to any prior existing defects and/or water intrusion and related problems, which encompasses Plaintiff's claims.
>
> …
>
> 23. Glades, as the association managers of the subject property and on behalf of the Owners, has a duty by contract to hold Coastal Painting harmless for all of Plaintiff's claims against Coastal Painting.
>
> 24. Glades has breached their duty by contract by not properly monitoring and/or keeping an accurate record of who was accessing units within the association and including the subject unit during

3

the relevant time-frame and as result causing the damages claimed by the Plaintiff. As a result, has wrongfully entirely failed to hold Coastal Painting harmless by contract.

25. It is believed Glades has further breached their duty by contract by allowing certain contractors and their employees (including Mayor Construction) access to unit keys, including the subject unit, without making sure the keys were properly returned. And it is believed some were not returned. As a result, Glades has caused the damages claimed by the Plaintiff and wrongfully entirely failed to hold Coastal Painting harmless by contract.

26. Furthermore, Glades further breached their duties by contract and entirely failed to:

   a. Keep an accurate record of who was entering units within the association; including the subject unit.

   b. Monitor accurate return of the unit keys, including the subject unit; therefore, subjecting the subject units to damage and danger.

   c. Monitor repairs to the units within the association and including the subject unit during the relevant time frame.

   d. Make adequate and necessary repairs to units within the association; including the subject unit contrary to the Regulations.

   e. Keep accurate records of repairs and/or construction related to the subject unit; thus spoiling evidence.

   f. Ensure compliance with the Regulations by unit owners and/or employees and agents.

   g. Properly manage, maintain, and/or have certain procedures in place for the appropriate monitoring of units owned by residents living elsewhere or away from the property for longer than 30 days.

(Doc. 98) (errors in original) (footnotes omitted).

Comparing the list of alleged breaches against the contract reveals that Glades did not agree to assume any of the duties listed by Coastal Painting supporting its crossclaim save one—that Glades must hold Coastal Painting harmless for Rizzo's claims—and even that doesn't save Coastal Painting. Glades agreed to indemnify Coastal Painting under eleven "situations":

> Coastal Painting is not responsible or liable for, and Owner(s) hereby agrees to hold Coasta Painting and its workers harmless for any and all claims, injuries or damages of whateve nature involved in the following situations:
>
> (1) Application of deck paints to areas that have been previously painted, coated o resurfaced;
> (2) Painting associated with stairs, the coating of stairs, steps, catwalks or any othe walkable surface;
> *Note: Notwithstanding the foregoing, Coastal Painting Company shall provide skid-free finishes on the surfaces set forth in this sub section 2
> (3) Slip and falls on painted surfaces containing skid-free surfaces;
> (4) Slip and falls caused by painting equipment that has been conspicuously and carefully placed by Coastal Painting and upon notices of painting provided to Owner(s) on the premises (i.e. marked off areas) while performing its duties contemplated herein;
> (5) Applications of paint to sidewalks and common area walkways (i.e. lead-in sidewalk and those leading to common areas) that have been previously painted, coated or resurfaced;
> (6) Damages caused by paint on clothing when it is obvious that painting is in progress;
> (7) Damages, injuries or claims of poor paint adhesion, durability, or aesthetics caused by prior-existing water collection areas (i.e. door mats, plants, etc. left outside over an extended period of time);
> (8) Acts of God;
> (9) Prior existing construction defects;
> (10) Movement of building or foundation causing new stress cracks to appear, thereby causing water intrusion and related problems to occur after the paint coating has been applied; and
> (11) Damages caused to personal property contained on patios, whether screened in or open, including furniture, pottery, planters, and the like. It is the responsibility of Owner(s) to protect any and all such personal property upon notice of Commencement of work. *Note: However, that Coastal Painting Company will be responsible for claims resulting from proven negligence on the part of Coastal Painting Company during the services contemplated herein with respect to the property (i.e. damage to property or injury due to poor placement of materials and equipment).*

5

(Doc. 98-4 at 7). None of Rizzo's allegations against Coastal Painting fall within the eleven categories to trigger indemnity. And the concluding "Note" at the end of the list (which was so important to Coastal Painting that it italicized and bolded the provision) specifically excludes Rizzo's claim for negligence against Coastal Painting. Thus, dismissal is appropriate.

### B. Common law indemnity

"In Florida, the claim of common law indemnity 'arises out of obligations imposed through special relationships.'" *Rosenberg v. Cape Coral Plumbing, Inc.*, 920 So. 2d 61, 65 (Fla. Dist. Ct. App. 2005). "To state a claim for common law indemnity, a party must allege that he is without fault, that another party is at fault, and that a special relationship between the two parties makes the party seeking indemnification vicariously, constructively, derivatively, or technically liable for the acts or omissions of the other party." *Tsafatinos v. Family Dollar Stores of Florida, Inc.*, 116 So. 3d 576, 581 (Fla. Dist. Ct. App. 2013).

Coastal Painting pleads that it is without fault as to the negligence claim made against it by Rizzo, that Glades' negligence is the sole cause of the damages, and that any liability Coastal Painting has to Rizzo is "vicarious, derivative, or technical based on the actual negligence or wrongdoing of Glades." (Doc. 98 at ¶ 34).

6

To survive a motion to dismiss, Coastal Painting need provide only a plausible claim. It is not appropriate at this stage of the proceedings to resolve factual disputes surrounding the claim. Discovery will reveal who was at fault for the incident. Given that, the Court cannot determine at this time whether Coastal Painting bears some blame for the accident. And the discovery process will determine whether a special relationship existed between Glades and Coastal Painting.

Glades filed a crossclaim for common law indemnity against Coastal Painting on the same theory of liability. (Doc. 36 at 12, ¶ 25). Thus, Glades and Coastal Painting have both pled that some special relationship exists between them to give rise to a claim for common law indemnity.

**C. Conclusion**

In sum, Count I (breach of contract) is dismissed and Count II (common law indemnity) survives dismissal. Seeing no request for leave to amend and otherwise exercising its broad discretion, *see Pinnacle Advertising and Marketing Group, Inc. v. Pinnacle Advertising and Marketing Group, LLC*, 7 F.4th 989, 999-1000 (11th Cir. 2021), no further amendment will be allowed.[2]

---

[2] Coastal Painting's initial Answer didn't include crossclaims. (Doc. 52). At Coastal Painting's request, the Court extended the deadline to amend pleadings to August 30, 2021. (Doc. 76). In September, the Court granted Coastal Painting's request for leave to amend its Answer to add crossclaims. (Doc. 83). Earlier this month, Coastal Painting was afforded another chance to amend its crossclaims. (Doc. 98).

Accordingly, it is now

**ORDERED:**

Glades Golf and Country Club, Inc.'s Motion to Dismiss Amended Crossclaims (Doc. 99) is **GRANTED as to Count I and DENIED as to Count II**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 23, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

8