UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHLEEN RIZZO,

    Plaintiff,

v.                                                                                Case No.:   2:20-cv-390-SPC-MRM

GLADES GOLF & COUNTRY
CLUB, INC. and COASTAL
PAINTING OF SOUTH FLORIDA,
LLC,

    Defendants/Third-Party Plaintiff.

DOROTHY JOYCE HELLER and
JOHN OR JANE DOE,

Third-Party Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Joyce Heller's Motion to Dismiss the Third-Party Complaint (Doc. 116) and Coastal Painting of South Florida, LLC's Response in Opposition (Doc. 120). Coastal Painting brings a third-party claim against Heller for negligence. (Doc. 84). The Court grants the Motion with leave to amend.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

This is a negligence action stemming from water damage to Kathleen Rizzo's condo. Rizzo lives in New York but owns a condo in Naples, Florida. While she was away, Glades (the condominium association) hired Coastal Painting to paint doors in the condominium complex, including inside Rizzo's condo. Someone (who, we don't yet know) left the kitchen faucet running, her condo flooded, and mold appeared. Rizzo sues for property damage because of Glades and Coastal Painting's negligence.

Heller entered this case a year and a half after removal. Discovery revealed that Heller was taking care of the condo while Rizzo was away in New York. In her deposition, Heller said that Coastal Painting may have washed their paint brushes in the sink and that she always turned the water off.

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must accept all well-pled allegations as true and view them most favorably to plaintiff. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).

Under Federal Rule of Civil Procedure 14, a defendant may bring a non-party into a suit that is or may be liable for all or part of the claim against it.

Coastal Painting did that here. Coastal Painting alleges that if Rizzo's negligence claim against it succeeds, then Heller, whose negligence caused damage, should be liable.

The elements of a negligence claim are "(1) a legal duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) injury to plaintiff legally caused by defendant's breach, and (4) damages as a result of that injury." *Estate of Rotell ex rel. Rotell v. Kuehnle*, 38 So. 3d 783, 788 (Fla. Dist. Ct. App. 2010). Duty and breach are at issue here. Heller argues that Coastal Painting has not alleged that she owed it any duty or obligation, or that she breached any duty owed to Coastal Painting.

Having tread the same ground in this case before (the arguments are essentially a repeat of the arguments made by Glades against Coastal Painting to dismiss the crossclaim (*see* Doc. 97)), the issue is quickly resolved. The duties alleged in the Third-Party Complaint stem from Heller's duty under the condominium regulations to "shut off the water supply" if the unit would be vacant for more than 30 days, and to protect Rizzo's property. (Doc. 84 at 4). Coastal Painting alleges that Heller breached her duty of care in various ways: failure to conduct regular checks and maintenance of the condo; leaving the condo vacant for months; failing to maintain and protect the condo; leaving the water on or allowing water leaks to continue; failure to timely notify Glades or Rizzo of any water leaks or damage; and failure to timely repair water leaks or

3

damage. (Doc. 84 at 4-5). Yet all the duties Coastal Painting identifies are duties Heller may have owed to Rizzo (or perhaps Glades), not any duty Heller owed to Coastal Painting. Even if the condominium regulations provide for some legal duties, Coastal Painting has not explained how the regulations reveal state-law duties Heller might have owed to the contractors hired by the condominium association.

Heller also argues that it is unclear what specific relief Coastal Painting seeks. Coastal Painting requests the Court "enter judgment in its favor (equitable or in law), all costs and attorney's fees in this action and for such other relief as this Court deems just and proper." (Doc. 84 at 5-6). The Court agrees that Coastal Painting has not identified the form of damages it seeks but will have the chance to do so if it chooses to re-plead.

Generally, a party should be given at least one opportunity to amend before the district court dismisses a complaint with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Thus, the third-party complaint will be dismissed without prejudice to filing an amended complaint.

Finally, the exhibits to the Third-Party Complaint are incomplete. (Doc. 84-1). Coastal Painting should remedy this problem if it chooses to re-plead.

Accordingly, it is now

**ORDERED:**

4

Joyce Heller's Motion to Dismiss the Third-Party Complaint (Doc. 116) is **GRANTED**. The Third-Party Complaint (Doc. 84) is **DISMISSED without prejudice** to filing an amended third-party complaint by **February 25, 2022**. **Failure to file a timely amended third-party complaint will result in the dismissal of the third-party complaint with prejudice without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 11, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record