UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHLEEN RIZZO,

    Plaintiff,

v.       Case No.:  2:20-cv-390-SPC-MRM

GLADES GOLF & COUNTRY
CLUB, INC. and COASTAL
PAINTING OF SOUTH FLORIDA,
LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court *sua sponte* following the Order to Show Cause as to Plaintiff/Counter-Defendant Kathleen Rizzo ("Plaintiff"), entered on April 13, 2022.  (Doc. 140).

### I.   Background

On February 15, 2022, the Court allowed Plaintiff's counsel to withdraw and directed the Clerk of Court to add Plaintiff's service address provided by counsel – Ms. Kathleen Rizzo ℅ Anthony Rizzo, as Power of Attorney, 53 Woodbine Street Coram, NY 11727 and Ms. Kathleen Rizzo ℅ Michael Rizzo, as Power of Attorney, 103 San Juan Drive Hauppauge, NY 11788 – to CM/ECF.  (Doc. 125 at 3).  The Court also directed Plaintiff to retain counsel no later than March 17, 2022, because her sons – who hold Powers of Attorney – may not exercise Plaintiff's personal right to proceed *pro se*.  (*Id*. at 3-4).  The Court cautioned Plaintiff that failure to comply

with the Order may subject the offending party(ies) to dismissal, default, or other sanctions, as appropriate. (*Id.* at 4). A copy of the Order was mailed to Plaintiff at both service addresses. (*Id.*).

When Plaintiff failed to comply with the February 15, 2022 Order, the Court entered an Order to Show Cause on March 18, 2022, and granted Plaintiff another opportunity to comply with the Court's Order. (Doc. 133). The Court, therefore, ordered Plaintiff to retain counsel no later than April 1, 2022. (*Id.* at 1-2). The Court again warned Plaintiff that failure to comply with the Order may subject the offending party(ies) to dismissal, default, or other sanctions, as appropriate. (*Id.*). A copy of the Order was mailed to Plaintiff at both service addresses. (*Id.*).

Plaintiff again failed to comply with Court's Order. Accordingly, on April 13, 2022, the Court entered an Order to Show Cause and granted Plaintiff one final opportunity to comply with the Court's Order. (Doc. 140). The Court, therefore, ordered Plaintiff to retain counsel and have her counsel file a notice of appearance no later than April 27, 2022. (*Id.*). Alternatively, if Ms. Rizzo believed she was able to proceed *pro se* and intended to do so, the Court ordered Ms. Rizzo to file a notice of her intent to proceed *pro se* that included briefing on her ability to do so, supported by an adequate memorandum of law. The Court expressly warned Plaintiff that "[a]ny failure to comply fully and meaningfully with this Order by the deadline specified above will result in the Undersigned recommending that the presiding United States District Judge: (1) dismiss any claim brought by Kathleen Rizzo and (2) enter a

2

clerk's default against Kathleen Rizzo for any claim brought against her." (*Id.*). A copy of the Order was mailed to Plaintiff at both service addresses. (*Id.*).

To date, Plaintiff has failed to retain counsel and have her counsel file a notice of appearance. Likewise, Plaintiff has not filed any notice of her intent to proceed *pro se*.

## II. Recommended Sanctions

### A. Claims Brought by Plaintiff

For the reasons set forth below, the Undersigned finds that any claim brought by Plaintiff is due to be dismissed without prejudice for failure to comply with the Court's Orders and failure to prosecute.

#### i. Legal Standard

The decision to dismiss for want of prosecution is within the Court's discretion. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)).[1] The Eleventh Circuit has held, however, that "the severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (citing *Martin-Trigona*, 627 F.2d at 682). The Eleventh Circuit observed that "such dismissal is a sanction of last resort,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *Id*. (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State Univ*., 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)). The Eleventh Circuit further held that "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id*. (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357). Nevertheless, if the Court dismisses the action without prejudice, the standard is less stringent "because the plaintiff would be able to file [the] suit again." *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) (alteration in original) (quoting *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976)). A dismissal without prejudice, however, amounts to a dismissal with prejudice if the statute of limitation bars the plaintiff from refiling the complaint. *See Perry v. Zinn Petroleum Cos., LLC*, 495 F. App'x 981, 984 (11th Cir. 2012) (citing *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981); *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir.1976)).

Additionally, Local Rule 3.10 states that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay."

### ii. Analysis

While dismissal for failure to prosecute is a harsh sanction, the Undersigned can only conclude that Plaintiff's failure here to comply timely with the Court's Orders and to heed the Court's instructions is willful. *See McKelvey*, 789 F.2d at 1520. Specifically, when the Court permitted Plaintiff's counsel to withdraw, the Court ordered Plaintiff to retain new counsel and have counsel file a notice of appearance in this case. (Doc. 125 at 3-4). The Court warned Plaintiff that "[a]ny failure to comply with this Order may subject the offending party(ies) to dismissal, default, or other sanctions, as appropriate." (*Id.* at 4 (emphasis omitted)). A copy of the Order was mailed to Plaintiff at her service addresses. (*See id.*).

Plaintiff, however, failed to comply with the Order despite the Court's warning. Accordingly, on March 18, 2022, the Court ordered Plaintiff to show good cause for failure to comply with the February 15, 2022 Order and granted Plaintiff another opportunity to comply. (*See* Doc. 133 at 1-2). The Court again warned that "[a]ny failure to comply with this Order may subject the offending party(ies) to dismissal, default, or other sanctions, as appropriate." (*Id.* at 2 (emphasis omitted)). A copy of the Order was again mailed to Plaintiff at her service addresses. (*See id.*). Again, Plaintiff failed to comply with or otherwise respond to that Order despite the Court's explicit warning.

When Plaintiff again failed to comply with Court's March 18, 2022 Order, the Court entered an Order to Show Cause and granted Plaintiff one final opportunity to comply with the Court's Order. (Doc. 140). The Court, therefore, ordered Plaintiff

to retain counsel and have her counsel file a notice of appearance no later than April 27, 2022. (*Id.*). Alternatively, if Ms. Rizzo believed she was able to proceed *pro se* and intended to do so, the Court ordered Ms. Rizzo to file a notice of her intent to proceed *pro se* that included briefing on her ability to do so, supported by an adequate memorandum of law. The Court expressly warned Plaintiff that "[a]ny failure to comply fully and meaningfully with this Order by the deadline specified above will result in the Undersigned recommending that the presiding United States District Judge . . . dismiss any claim brought by Kathleen Rizzo." (*Id.*). A copy of the Order was mailed to Plaintiff at both service addresses. (*Id.*). For a third time, Plaintiff failed to comply with or otherwise respond to that Order despite the Court's explicit warning.

Because the Undersigned cannot find Plaintiff's failure to comply with the Court's Orders – especially in light of the Court's express warnings, including that "[a]ny failure to comply fully and meaningfully with this Order by the deadline specified above will result in the Undersigned recommending that the presiding United States District Judge . . . dismiss any claim brought by Kathleen Rizzo," (Doc. 140; *see also* Doc. 125 at 4; Doc. 133 at 2) – is anything but willful, dismissal is warranted.

As noted above, a dismissal without prejudice amounts to a dismissal with prejudice if the statute of limitations bars the plaintiff from refiling the complaint. *See Perry*, 495 F. App'x at 984 (citing *Burden*, 644 F.2d at 505; *Boazman*, 537 F.2d at 213). Notwithstanding any potential risk that Plaintiff's claims may be barred by

6

statute of limitations, the Undersigned recommends dismissal without prejudice so Plaintiff can re-assert any claim not barred by a statute of limitations. Additionally, any risk that Plaintiff's claims may be barred by statute of limitations does not overcome the Undersigned's finding that dismissal is appropriate in light of the above finding that Plaintiff's repeated failures to comply with the Court's Orders were willful.

Moreover, the Undersigned finds that lesser sanctions will not suffice. The Court directly ordered Plaintiff to comply with the Court's orders, and Plaintiff entirely ignored those Orders. (*See* Docs. 125, 133, 140). Moreover, those Orders expressly warned that failure to comply may result in dismissal of Plaintiff's claims. (*See id.*). If the express warning of the potential for dismissal for failure to prosecute is insufficient to convince Plaintiff to actively prosecute her case and comply with Court Orders, the Undersigned finds that any lesser sanction is highly unlikely to secure Plaintiff's compliance.

Finally, by failing to respond whatsoever to the Orders to show cause, Plaintiff has also failed to demonstrate due diligence and just cause for his delay as required by Local Rule 3.10. *See* M.D. Fla. R. 3.10. Thus, dismissal is appropriate. *See id.*

### B. Claims Brought against Plaintiff

For the reasons set forth below, the Undersigned finds that a clerk's default against Plaintiff is warranted for any claim brought against her.

7

### i.   Legal Standard

Federal Rules of Civil Procedure 16(f) and 37(b)(2) allow the Court to sanction a party for failure to obey a pretrial order, including issuing a default order against the offending party. *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 8:07-cv-535-T-33MAP, 2008 WL 3833950, at *1 (M.D. Fla. Aug. 15, 2008), *judgment entered*, 2009 WL 179634 (M.D. Fla. Jan. 26, 2009). Fed. R. Civ. P. 16(f)(1)(C) specifically provides that: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order."

Defaults, however, are disfavored because of the strong policy of determining cases on their merits. *Claytor v. Mojo Grill and Catering Co. of Belleview, LLC*, No. 5:14-cv-411-Oc-30PRL, 2015 WL 1538111, at *1 (M.D. Fla. Apr. 7, 2015) (citing *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). This Court has held that, generally, the sanction of default is considered a drastic remedy that should be resorted to "only if noncompliance is due to willful or bad faith disregard of court orders." *Glanzrock*, 2008 WL 3833950, at *1 (citing *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985)). The Court must find that less drastic sanctions would not be equally effective in achieving compliance with the Court's orders. *Id.* (citing *Adolph Coors*, 777 F.2d at 1543; *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481-82 (11th Cir. 1982)). However, when a noncompliant party demonstrates "a flagrant disregard for the court," the "severe"

8

sanction of default is not an abuse of discretion. *See Commodity Futures Trading Comm'n v. Alpha Trade Grp., S.A.*, No. 6:11-cv-1584-Orl-31, 2012 WL 3984717, at *2 (M.D. Fla. Aug. 24, 2012), *report and recommendation adopted*, 2012 WL 3984872 (M.D. Fla. Sept. 11, 2012) (citing *Aztec Steel Co.*, 691 F.2d at 481). Thus, the Court has the authority to enter defaults and default judgments "for failure . . . to comply with its orders or rules of procedure." *Suarez v. Don Pan Tampa*, No. 8:11-cv-2295-T-33TGW, 2011 WL 6822191, at *1 (M.D. Fla. Dec. 28, 2011) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

### ii.     Analysis

A review of the docket in this case reveals that Plaintiff failed to comply timely with the Court's Orders dated February 15, 2022, March 18, 2022, and April 13, 2022, despite the mailing of those orders to Plaintiff – through her Powers of Attorney – at her service addresses. (*See* Docs. 125, 133, 140). The Undersigned finds, therefore, that an entry of default against Kathleen Rizzo for any claim brought against her is warranted under Fed. Rs. Civ. P. 16(f) and 37(b)(2).

In recommending this result, the Undersigned finds that the severe sanction of default is necessary in this case because: (1) Plaintiff has demonstrated a flagrant, willful, and bad-faith disregard for the Court's Orders; and (2) no less drastic sanction would be effective in achieving compliance with the Court's Orders. Indeed, the Court has given Plaintiff multiple opportunities to comply and mailed its Orders to Plaintiff at both service addresses, but Plaintiff continues to fail to comply

9

with the Orders. (*See* Docs. 125, 133, 140). Moreover, those Orders expressly warned that failure to comply may result in an entry of default against Kathleen Rizzo. (*See id.*). If the express warning of the potential for default is insufficient to convince Plaintiff to comply with Court Orders, the Undersigned finds that any lesser sanction is highly unlikely to secure Plaintiff's compliance.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that the presiding United States District Judge enter an Order:

1. Dismissing without prejudice Plaintiff's Second Amended Complaint for Damages and Jury Demand (Doc. 34) for failure to comply with the Court's Orders and failure to prosecute.

2. Striking Kathleen Rizzo's Answers and Affirmative Defenses (Docs. 47, 88).

3. Directing the Clerk of Court to enter a clerk's default against Kathleen Rizzo on all claims brought against her.

4. Requiring all parties that have claims pending against Kathleen Rizzo to file a motion for default judgment within fourteen (14) days of any Order directing the Clerk of Court to enter a clerk's default against Kathleen Rizzo.

**Further, the Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiff at both service addresses.**

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on April 28, 2021.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the filing date of the objection. The parties are warned that the Court will not extend these deadlines. To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record

Unrepresented Parties