UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHLEEN RIZZO,

    Plaintiff,

v.                                        Case No.:  2:20-cv-390-SPC-MRM

GLADES GOLF & COUNTRY
CLUB, INC. and COASTAL
PAINTING OF SOUTH FLORIDA,
LLC,

    Defendants.
_____/

**OPINION AND ORDER**[1]

Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. 141), recommending the Court dismiss without prejudice Plaintiff's Second Amended Complaint (Doc. 34) for failure to comply with Court Orders and failure to prosecute, to strike Plaintiffs Answer and Affirmative Defenses (Docs. 47, 88), and to direct the Clerk to enter a default on all claims brought against her for failure to comply with Court orders. No party objected, so the matter is ripe for review.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part," the magistrate judge's R&R. 28 U.S.C. § 636(b)(1)(C). In the absence of specific objections, there is no requirement that a district judge review the R&R *de novo*. See *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Instead, when parties don't object, a district court need only correct plain error as demanded by the interests of justice. *See, e.g.*, *Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Thomas v. Arn,* 474 U.S. 140, 150-52 (1985). Plain error exists if (1) "an error occurred"; (2) "the error was plain"; (3) "it affected substantial rights"; and (4) "not correcting the error would seriously affect the fairness of the judicial proceedings." *Farley v. Nationwide Mut. Ins.*, 197 F.3d 1322, 1329 (11th Cir. 1999).

After careful consideration and an independent review of the case, the Court finds no plain error. So it accepts and adopts the R&R in full.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. 141) is **ACCEPTED and ADOPTED** and the findings incorporated herein.

2. Plaintiff's Second Amended Complaint (Doc. 34) is **dismissed without prejudice** for failure to comply with the Court Orders and failure to prosecute.

2

3. Kathleen Rizzo's Answers and Defenses (Docs. 47, 88) are **STRICKEN** and the Clerk is directed to note on the docket that the pleadings are stricken.

4. The Clerk is **DIRECTED** to enter a Clerk's Default against Kathleen Rizzo on all claims brought against her.

5. All parties that have filed claims against Rizzo must file a motion for default judgment against Rizzo by **June 2, 2022**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 19, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

Kathleen Rizzo
c/o Anthony Rizzo, as Power of Attorney
53 Woodbine Street
Coram, NY 11727

Kathleen Rizzo
c/o Michael Rizzo, as Power of Attorney
103 San Juan Drive
Hauppauge, NY 11788

3